UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTHONY WIDEMAN                                                    PLAINTIFF

v.                                             CIVIL ACTION NO. 3:08CV-P486-M

JUDGE KATHLEEN MONTANO et al.                           DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Anthony Wideman, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Judge Kathleen Montano, Prosecutor Kristi L. Gray, and public defenders Jennifer Wittmeyer, Michael J. Bufkin, and W. Christopher Moses in their official capacities. Plaintiff then filed a complaint against the Louisville Metro Public Defenders, the Commonwealth of Kentucky, Assistant Commonwealth Attorney Kristi L. Gray, and Assistant Public Defenders Jennifer Wittmeyer and W. Christopher Moses. That suit did not specify in what capacity Plaintiff was suing those Defendants. Because Plaintiff already had initiated a civil-rights action against the same Defendants premised on the same facts, the Court ordered that action administratively closed and the filings in that case to be transferred to the instant action.

This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff alleges that the Commonwealth of Kentucky through Judge Montano and the public defender's office illegally proceeded to misrepresent Plaintiff as mentally ill and/or incompetent during the pretrial proceedings in criminal action 05CR3393 in violation of

Plaintiff's federal and state constitutional rights. He further alleges that Defendant Gray violated his Sixth Amendment right to confront witnesses by moving to suppress some witness statements. He alleges that the defense attorneys interfered with his due-process right by pushing for a mentally ill defense. He also alleges that his right to effective assistance of counsel was violated because he made no statements when the grand jury moved to indict. He also alleges that Defendant Bufkin denied effective assistance of counsel when he ordered a second competency examination and that Defendant Moses also sought to pursue the same prejudicial and illegal procedures to promote a mental-illness defense. As relief, Plaintiff asks for compensatory and punitive damages and to have his state criminal case dismissed with prejudice.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claims against Defendants Montano and Gray*

In his original complaint, Plaintiff sued Judge Montano and Prosecutor Gray in their official capacities. Because he sues these state-employee Defendants in their official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from these state officers in their official capacities, he fails to allege cognizable claims under § 1983. Moreover, the defendants are immune from monetary damages under the Eleventh Amendment. *See id.* The Court will dismiss the official-capacity claims against Defendants Montano and Gray.

Even if Plaintiff's second complaint is interpreted as suing prosecuting attorney Defendant Gray in her individual capacity, she is immune by operation of prosecutorial immunity. Prosecuting attorneys enjoy absolute immunity from suit for money damages for acts performed as prosecutors. *See Kalina v. Fletcher*, 522 U.S. 118, 131 (1997); *Skinner v. Govorchin*, 463 F.3d 518, 524 (6th Cir. 2006). Thus, all claims against Defendant Gray will be dismissed.

*Claims against defense attorneys*

Plaintiff's claim for monetary damages against his defense attorneys, Defendants Wittmeyer, Bufkin, Moses, and the Louisville Metro Public Defenders, also fails. It is firmly

3

established that defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983"). Thus, Plaintiff has failed to state a claim under § 1983 against these Defendants.

*Claims against Commonwealth of Kentucky*

The Court lacks subject matter jurisdiction over Plaintiff's claims against the Commonwealth of Kentucky, by operation of the Eleventh Amendment to the U.S. Constitution. That Amendment specifically prohibits federal courts from entertaining suits brought directly against the states or its agencies. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." (internal quotation marks and citation omitted)); *Daleure v. Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit.").

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment in

such a way as to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'" *Id.* (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)).

Because Plaintiff's claims against the Commonwealth of Kentucky are barred by the Eleventh Amendment, the Court will dismiss them under FED. R. CIV. P. 12(b)(1) and 12(h)(3).

*Injunctive relief*

Plaintiff asks to have his state criminal case dismissed. To the extent that Plaintiff seeks injunctive relief against Judge Montano, § 1983 does not allow it except in certain situations not present here.[1] To the extent that he seeks this relief against the Commonwealth, under *Ex parte Young*, 209 U.S. 123 (1908), he must seek prospective injunctive relief from a state officer, not the state itself. Finally, to the extent that Plaintiff seeks this relief from Prosecutor Gray, the Court finds that abstention from interfering with the ongoing state criminal proceedings is appropriate.

Under *Younger v. Harris*, 401 U.S. 37 (1971), "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger*). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state

---

[1] Section 1983 provides in pertinent part "that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

5

proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

According to the complaint, Plaintiff has a pending state criminal case against him. The state has an important interest in adjudicating that criminal case. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an on-going Kentucky state-court proceeding. While federal court relief might be a possibility in the future should state court remedies prove unavailable, Plaintiff has failed to show that the state courts are unable to protect his interests at this time.

The record therefore indicates that *Younger* abstention is appropriate with respect to Plaintiff's requests to have the prosecution against him enjoined. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings). Where *Younger* abstention is appropriate, it requires dismissal of those claims without prejudice. *Zalman v. Armstrong*, 802 F.2d 199, 207 n.11 (6th Cir. 1986). Thus, dismissal of his claims to have the state-court criminal proceeding enjoined without prejudice is appropriate in light of *Younger*.

*State-law claims*

Plaintiff also alleges several state-law claims under the Kentucky Constitution. Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order, dismiss Plaintiff's claims against Defendants Kathleen Montano, Kristi L. Gray, Jennifer Wittmeyer, Michael J. Bufkin, W. Christopher Moses, and the Louisville Metro Public Defenders with prejudice for failure to state a claim upon which relief may be granted and dismiss Plaintiff's claims against the Commonwealth of Kentucky as barred by the Eleventh Amendment. The Court will dismiss without prejudice Plaintiff's state-law claims and his request to dismiss his state-court criminal proceeding.

Date:

cc: Plaintiff, *pro se*
　　Defendants
4414.009